· JOHN A. THOMPSON, TRUSTEE IN INSOL-⎫
      VENCY OF GEORGE S. DAVIS,      ⎬   DECEMBER TERM, 1849.
             vs.              ⎪
        DANIEL B. BANKS.        ⎭

[ABSOLUTE DEED DECLARED A MORTGAGE—FRAUD.]

UPON proper averments and sufficient evidence, a Court of Equity will treat an absolute deed as a mortgage, and decree a redemption by the mortgagor, or a sale for the purpose of paying the sum due.

Where a bill alleges that a deed, absolute on its face, was intended to be a mortgage, and was procured with the fraudulent design of setting it up as an absolute deed, contrary to the express agreement and understanding of the parties at the time of its execution, and the answer denies the fraud, the complainant must prove it by evidence, direct or circumstantial.

It is well established that fraud may be inferred from facts and circumstances; from the character of the contract, or from the condition and circumstances of the parties.

[George S. Davis executed a deed, dated the 25th of Sept., 1840, by which he conveyed, for the consideration of $500, certain leasehold estate to Daniel B. Banks absolutely. Said Davis afterwards, on the 6th of October, 1846, applied for the benefit of the insolvent laws, and John A. Thompson was appointed his permanent trustee, who, on the 3d of November, 1849, filed the bill in this case, attacking said deed upon the grounds stated in the following opinion of the Chancellor.]

THE CHANCELLOR:

This case was argued before me during the sittings of the term by the solicitor of the complainant, and is now submitted under the rule.

The bill which is filed by the complainant as the insolvent trustee of George S. Davis, alleges that a deed executed by said Davis, on the 25th of Sept., 1840, and by which the grantor conveyed to the defendant, Banks, certain leasehold estate in the city of Baltimore, absolutely for the sum of five hundred dollars, was intended as a mortgage merely, to secure

the repayment of the sum, the same being at that time regarded by both parties as a loan. That the claim of the defendant now set up to hold the property as his own, is fraudulent, and the deed upon which this pretension is founded was procured with the fraudulent design of so setting it up in opposition to the express agreement and understanding of the parties at the time of its execution.

The charge, therefore, in effect is, that the $500, the consideration mentioned in the deed, was advanced by the defendant to Davis by way of loan, and that the instrument to secure its repayment, which was intended to be a mortgage, was procured by imposition, and is now used for a fraudulent purpose.

The answer denies the fraud, and the necessity of proving it by evidence, direct or circumstantial, is of course manifest, and has been conceded. That fraud may be inferred from facts and circumstances, from the character of the contract or from the condition and the circumstances of the parties, is well established. *Watkins* vs. *Stockett*, 6 *H. & J.*, 435; *Brogden* vs. *Walker*, 2 *H. & J.*, 285. And there can be no doubt that upon proper averments and upon sufficient evidence this Court may treat an absolute deed as a mortgage, and decree a redemption of the property by the mortgagor, or a sale for the purpose of paying the sum due. The case of *Brogden* vs. *Walker*, is a decision upon this point, such a decree having been passed in that case by the Chancellor, and affirmed upon full argument by the Court of Appeals.

The question, therefore, is whether in this case the facts and circumstances are of sufficient strength to justify the Court in coming to the conclusion that the deed in question was intended as a mortgage and not an absolute conveyance of the property. And upon a careful examination of the evidence and deliberately considering the facts and circumstances attending the case, the character of the contract, the condition and conduct of the parties, I do not see how the conclusion can be escaped that the instrument was designed to be a mortgage merely, and not an absolute conveyance.

There are in this case circumstances which repel the idea of

a sale; and there is besides direct evidence, of a character so strong, that in my judgment no reasonable doubt can be entertained upon the subject. I shall therefore send this case to the Auditor, with directions to state an account between the parties in the usual manner, and report the same to this Court for its further order.

GEO. H. WILLIAMS, for Complainant.